**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JAN 28 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ZACHERY JAMES EDWARD ROWE,

Defendant - Appellant.

No. 23-1240

D.C. No.
2:21-cr-00557-DSF-4

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Argued and Submitted January 17, 2025
Pasadena, California

Before: TALLMAN, FRIEDLAND, and BENNETT, Circuit Judges.

Zachery Rowe appeals his jury conviction and 324-month sentence for conspiracy to distribute and possess with intent to distribute methamphetamine, heroin, and fentanyl, in violation of 21 U.S.C. § 846. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), and we affirm.

1. On appeal, Rowe argues that his Sixth Amendment confrontation rights

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

were violated by the district court's requirement that trial participants wear clear masks to protect against the spread of COVID-19.  During the trial, all witnesses wore clear masks that allowed Rowe and the jurors to observe the witnesses' facial expressions and assess their demeanor.  Because Rowe was able to see, hear, and confront the witnesses against him, the Confrontation Clause was not implicated here.  U.S. Const. Amend. VI; *cf. Coy v. Iowa*, 487 U.S. 1012, 1014–15, 1020 (1988) (concluding that defendant's confrontation right was implicated because he could only "dimly" perceive witnesses behind a screen).

2.      Rowe argues that the district court erred by rejecting his proposed buyer-seller jury instruction even though it was supported by law and had some foundation in the evidence.  We reject this argument.  Even assuming the proposed instruction had some foundation in the evidence, the Ninth Circuit model conspiracy instruction provided at Rowe's trial fairly and adequately covered his defense theory. *United States v. Moe*, 781 F.3d 1120, 1127–29 (9th Cir. 2015).  The district court did not abuse its discretion in rejecting Rowe's proposed buyer-seller instruction.

3.      On appeal, Rowe also argues that the district court failed to make the proper findings that the drug quantities reasonably foreseeable to Rowe amounted to a drug quantity base offense level of 36.  We disagree.  As the district court noted during sentencing, the court may calculate base offense levels using drug types and quantities not specified in the count of conviction so long as those acts were

"relevant conduct" under Section 1B1.3(a)(1)(B). U.S.S.G. §§ 1B1.3(a)(1)(B), 2D1.1 cmt. n.5 (2023). "Relevant conduct" includes acts that are (i) within the scope of the jointly undertaken criminal activity; (ii) in furtherance of that criminal activity; and (iii) reasonably foreseeable in connection with that criminal activity. U.S.S.G. §§ 1B1.3(a)(1)(B), 1B1.3 cmt. n.3 (2023); *see also Pinkerton v. United States*, 328 U.S. 640, 647–48 (1946). The district court found that the drug quantities involved in the conspiracy were reasonably foreseeable to Rowe and that there was "sufficient evidence in the record . . . that was presented to the jury to support the base offense level of 36." The district court's findings were thus sufficient to support its drug quantity base offense calculation. *See United States v. Carty*, 520 F.3d 984, 991–93, 995–96 (9th Cir. 2008) (en banc).

4.     Finally, Rowe's 324-month sentence was substantively reasonable. The district court thoroughly weighed the § 3553(a) factors and issued a sentence below the minimum Guideline range of 360 months. *United States v. Ressam*, 679 F.3d 1069, 1087 (9th Cir. 2012) (en banc) (holding that a sentence is substantively reasonable unless the panel has "a definite and firm conviction that the district court committed a clear error of judgment in the conclusion it reached upon weighing the relevant factors" (quoting *United States v. Amezcua-Vasquez*, 567 F.3d 1050, 1055 (9th Cir. 2009))).

**AFFIRMED.**